Storrs, C. J.
The question in this case is, whether the appellant is indebted to the Wells Manufacturing Company, in the full amount of the notes, mentioned in the agreed statement of facts, executed by the former for, and on behalf of the latter, or only for the sum which has been paid on those notes by that company to the holders of them; and this must depend on the question, whether the money received by the appellant on the discount of those notes is to be deemed to have been received by him for, and as the agent of, the company, and therefore as its property, or to have been received by him for himself, and on his own account, and as his own property. If the notes were procured by the appellant to be discounted at the bank for and on account of the company, the avails of them would be placed by the bank to its credit and be money belonging *223 to it in the hands of the bank; and, when it was drawn out by the appellant, and appropriated by him for his own personal purposes, it would constitute money of the company had and received by him to his own use, for which he would become indebted to the company; and in that case the company would have a legal claim against his estate for the whole amount so received by him. If, however, the notes were discounted for the appellant, and on his account, the avails would go to his credit, and would belong to him, and the use of them would be an appropriation of his own money, and not that of the company; and, in that case, the company would have no right of action, and therefore could present no claim against the appellant or his estate, until the company should have paid the amount due on the notes in full or in part, to the holders into whose hands they had passed, and then only for the amount it had so paid. Although the appellant, in the making and sale or negotiation of the notes, and his receipt and appropriation of their avails to his own use, would be guilty of a breach of trust towards the company, by which he, by virtue of his authority as its agent, would render it liable, as the maker of the notes, to the holders, still, in determining the relation created by the transaction between him and the company, it would be necessary to look at the particular use which was made of the notes by the appellant; for his obligation to the company, if he had used funds belonging to the company, in which case he would clearly become its debtor, would be very different from that which would arise from constituting the company an accommodation maker for him of the notes, which would create between them only the relation of principal on his part and of surety on the part of the company. In one case the company would have a right of action against him immediately, but none in the other until the company had been subjected to pay on the notes. Although the form of the notes indicates, and, as between the company who are the makers, and innocent holders for value, the former could not deny, that they were given for a valuable consideration, the real transaction and the object for which they were *224 made, would be open to inquiry between the original parties, the appellant and the company; and, on the agreed statement of facts which in this case is submitted to us, we have no doubt that the notes were made by the appellant for his own use, that he designed only to pledge the credit of the company for their payment, and that they were, both by him and the bank to whom they were negotiated, intended and understood to be discounted solely on his account and for his benefit. There is, in that statement, not only nothing which, by a just construction, imports, or even implies, that Capen procured the money on those notes for, or on account of, the Wells Manufacturing Company, or treated it as their property, but it alleges that he “obtained the money on them for his own use and benefit, and never made any entry of the same on the books of the company.” And if, in this case, for the purpose of determining the true nature of his act in obtaining the money on the discount of the notes, or of ascertaining the particular person for whose benefit it was intended to be done, it were allowable to consider the form in which the business was transacted, it appears, in confirmation of that part of the finding which we have mentioned, that the notes were so drawn that they appeared to have been given by the company to Capen for value, and that they were made negotiable, and therefore controllable by him personally. These being all the facts presented in relation to the present question, we are of the opinion that, in respect to those notes, the indebtedness of Capen to the Wells Manufacturing Company ought to be found to be only the amount which has been actually paid upon the notes by the company.' And the superior court is advised accordingly.
In this opinion the other judges concurred.